

☐ ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 3:12-CR-311-P |
| | § | ECF |
| OLALEKAN SORUNKE (1) | § | |

# PLEA AGREEMENT

The defendant, Olalekan Sorunke (Sorunke), Mitchell Martzen, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Sorunke understands that he has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Sorunke waives these rights and pleads guilty to the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 1347, that is, Health Care Fraud. Sorunke understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose for Count One include:

    a.    imprisonment for a period not to exceed 10 years;

    b.    a fine not to exceed $250,000 or twice any pecuniary gain to the defendant or loss to the victim;

    c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Sorunke violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which is mandatory under the law, and which Sorunke agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision; and

    g.    forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines**: Sorunke understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Sorunke has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Sorunke will not be allowed to withdraw his plea if his sentence is higher than expected. Sorunke fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the

Court.

5. **Mandatory special assessment**: Sorunke agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Sorunke shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Sorunke shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Sorunke expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate Sorunke's ability to satisfy any financial obligation imposed by the Court. Sorunke fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Sorunke agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy his full and immediately enforceable financial obligation. Sorunke understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7. **Government's agreement**: The government will not bring any additional charges against Sorunke based upon the conduct underlying and related to Sorunke's plea

of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Sorunke or any property.

8. **Violation of agreement**: Sorunke understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Sorunke for all offenses of which it has knowledge. In such event, Sorunke waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Sorunke also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: Sorunke waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and

28 U.S.C. § 2255. Sorunke, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: Sorunke has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Sorunke has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Sorunke has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

**[No Further Information on This Page]**

12. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 28th day of December, 2012.

_____
OLALEKAN SORUNKE
Defendant

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
MINDY SAUTER
Assistant United States Attorney
Texas Bar No. 24033114
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.767.2916
Email: mindy.sauter@usdoj.gov

_____
BENJAMIN O'NEIL
Trial Attorney
U.S. Department of Justice Criminal Division,
Fraud Section
D.C. Bar No. 500796
Telephone: 202.615.1272

_____
E. MITCHELL MARTZEN
Attorney for Defendant

_____
GARY C. TROMBLAY
Deputy Criminal Chief

Plea Agreement -Page 6

## CERTIFICATE

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it. I fully understand it and voluntarily agree to it.

_____  		12-28-12.
OLALEKAN SORUNKE			Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____		12-28-2012
E. MITCHELL MARTZEN			Date
Counsel for Defendant

Plea Agreement - Page 7